# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FIELDS,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No.: 1:14-cv-01397-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on September 8, 2014, challenging Petitioner's 1999 conviction in the United States District Court for the District of Columbia, and subsequent sentence to two life sentences plus 105 years. (Doc. 1, p. 11). Specifically, Petitioner challenges the jury instruction given at trial regarding the mental state for a conviction for "aiding and abetting" the use of a firearm under 18 U.S.C. § 924(a), which, Petitioner maintains, has been significantly altered by the recent U.S. Supreme Court case of Rosamond v. United States, __U.S.__, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014). Petitioner further contends that, because of Rosamond, he is "actually innocent" and that he is entitled to proceed via § 2241 even though he is challenging his conviction, not the execution of

1

his sentence. (Doc. 1, pp. 15-18).

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegation that the March 2014 decision by the United States Supreme Court in Rosamond v. United States should result in the setting aside of his conviction because the jury instructions in his trial did not comply with the reasoning of Rosamond is clearly a direct challenge to Petitioner's conviction, not to the execution of his sentence. Indeed, Petitioner concedes as much in his petition.

However, the proper vehicle for challenging such a mistake is a motion to vacate, set aside, or

1  correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition. Nevertheless, a federal
2  prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the
3  remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."
4  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299
5  (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception.
6  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he
7  never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective);
8  Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because
9  Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a
10  prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953
11  (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal
12  treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th
13  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco,
14  237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking
15  the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is
16  inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
17      In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held the remedy under a
18  §2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally
19  barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is,
20  relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged
21  test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the
22  petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.
23      The second requirement to access the "savings clause" is actual innocence. "To establish actual
24  innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that
25  no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118
26  S.Ct. 1604 (1998) (*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v.
27  Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere
28  legal insufficiency," and "in cases where the Government has forgone more serious charges in the

3

course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In Rosamond, the Supreme Court held conviction on a charge of aiding and abetting a § 924(c) violation requires proof of advance knowledge that a co-defendant would use or carry a gun. Rosamond, 134 S.Ct. at 1249-50.  Thus, Rosamond is not relevant to the issue of whether Petitioner is actually innocent of that charge, but rather to whether he is legally innocent of that charge.  However, in this case, the Court need not determine whether Petitioner has had an unobstructed procedural shot or whether his claim, based on Rosamond, is one involving factual, or merely legal, innocence because Rosamond is presently inapplicable to cases, such as the instant one, that are on collateral review.

Instead, Rosamond was decided on direct review so the Supreme Court had no occasion to address an actual innocence claim and, instead, considered the underlying instructional error claim. Moreover, there is no indication in the decision by the Court that the rule declared therein regarding the mental state required to aid and abet a § 924(c) offense would apply retroactively on collateral appeal. Reyes-Requena, 243 F.3d at 903. For this reason alone, Petitioner is not entitled to avail himself of the "savings clause."

Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition.  Hernandez, 204 F.3d at 864-865.  In sum,

4

should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**ORDER**

For the foregoing reasons, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Court judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within 10 court days** after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 30, 2014**            **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Columbia. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.